IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang

Civil Action No. 23-mc-00074-NYW

IN RE: *EX PARTE* APPLICATION OF WILLIAM LAGGNER FOR DISCOVERY PURSUANT TO 28 U.S.C. § 1782 IN AID OF FOREIGN PROCEEDINGS

## ORDER

Pending before the court is the *Ex Parte* Application for Discovery Pursuant to 28 U.S.C. § 1782 in Aid of Foreign Proceedings and Supporting Memorandum (the "Application"), [Doc. 1],[1] in which Applicant William Laggner ("Applicant" or "Mr. Laggner") requests an order from this Court pursuant to 28 U.S.C. § 1782 authorizing him to take discovery from Ricardo Salinas Pliego ("Mr. Salinas") for use in a proceeding pending in the Grand Court of the Cayman Islands Financial Services Division. Upon consideration of the Application and all papers submitted in support thereof, this Court finds that, on the present record, the statutory requirements of 28 U.S.C. § 1782 are not satisfied. Accordingly, the Application is respectfully **DENIED**.

## BACKGROUND

In June of 2022, Mr. Laggner and other shareholders of Uphold Ltd. ("Uphold" or "the company"), a Cayman Islands exempted limited liability company, filed a petition against Uphold in the Grand Court of the Cayman Islands seeking the winding up of, or alternative relief against, the company (the "Cayman Islands Proceedings"). [Doc. 1 at 2]. Mr. Laggner alleges that Uphold and a group of company insiders,

---

[1] The Court uses this convention [Doc. ___] to refer to the docket entry assigned by the District's Court Electronic Court Files ("ECF") system, and uses the page number assigned by the ECF system, for the purposes of consistency.

including Uphold's board members and its former CEOs, in concert with Mr. Salinas, engaged in a series of unlawful and self-enriching transactions to the detriment of the company and its shareholders. [*Id.*]. According to Applicant, Mr. Salinas—the founder and chairman of the corporate conglomerate Grupo Salinas and the third wealthiest individual in Mexico, who "routinely engages in questionable tactics to acquire companies and . . . extract value out of them"—has played a substantial role in the subject transactions and gained a significant financial benefit from the alleged misconduct. [*Id.* at 2–3].

Given Mr. Salina's key role in the challenged transactions, Mr. Laggner requests authorization from this Court, pursuant to 28 U.S.C. § 1782, to take discovery from Mr. Salinas in the form of documents and deposition testimony regarding "the business relationship, agreements, and transactions made by and between Uphold, [the company's insiders], and [Mr.] Salinas," which, Applicant argues, is central to the shareholders' claims in the pending Cayman Islands Proceedings. [*Id.* at 6–7].

## ANALYSIS

Section 1782(a) of Title 28 of the United States Code authorizes "[t]he district court of the district in which a person resides or is found" to "order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal" upon "the application of any interested person." Thus, to obtain discovery under § 1782(a), the applicant must show that (1) he is an "interested person"; (2) the discovery sought is to be used in a proceeding in a foreign or international tribunal; and (3) the target of discovery is a person who resides or may be found in the district. *See In re Perez Pallares*, No. 10-cv-2528-PAB, 2010 WL 4193072, at *1 (D. Colo. Oct. 2010).

Meeting these threshold requirements, however, does not end the inquiry. *Id.*

2

Instead, "the Court retains discretion over whether to permit the requested discovery." Id. (citing *Intel Corp. v. Advanced Micro Devices*, 542 U.S. 241, 260 (2004)).  In ruling on a § 1782(a) request, the Supreme Court has explained, a district court should consider:  (1) whether the documents or testimony sought are within the foreign tribunal's jurisdictional reach; (2) the nature of the foreign tribunal and character of the proceedings underway abroad, and, more specifically, the receptivity of the foreign court to federal court assistance; (3) whether the request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of the foreign country; and (4) whether the request is unduly intrusive or burdensome.  *See id.* at 264–65.

Although Mr. Laggner likely can establish that the first two statutory requirements are met here, *see* [Doc. 1 at 9–10; Doc. 1-2 at ¶¶ 1–4, 6; Doc. 1-3], the Court cannot conclude, on this record, that Mr. Salinas "resides or may be found" in the District of Colorado for purposes of § 1782(a).  In support of his submission that Mr. Salinas "may be found" in the District of Colorado under § 1782(a), Applicant merely alleges, without record evidence, that Mr. Salinas "consistently visits a residence in Colorado and, in recent years, . . . has been present in th[e] District on multiple occasions." [Doc. 1 at 9].  Mr. Laggner has neither provided the Court with evidence of a specific address where Mr. Salinas is expected to be found in Colorado during a particular period of time, nor has Applicant demonstrated that Mr. Salinas's visits were sufficiently consistent as to allow the Court to find that Mr. Salinas was "routinely present" in Colorado. *Cf. In re Ex Parte Application Under 28 U.S.C. § 1782 to Take Discovery from Américo Fialdini Junior*, No. 21-mc-0007-WJM-NYW, 2021 WL 253455, at *3 (D. Colo. Jan. 26, 2021) (concluding that the discovery subjects could "be found" in the District for purposes of § 1782 where the discovery applicant provided the sworn declaration of an individual with personal knowledge regarding the

deposition subjects' whereabouts, who explained that the declaration subjects "religiously spen[t] the U.S. winter season in Aspen"; that it was "a very rare occurrence" for them not to rent a specific house in Aspen over the holidays; and that, consistent with this "tradition," the declaration subjects would be in Aspen during January and February that year, *see* Decl. of José Álvaro Fioravanti in Supp. of Ex Parte Appl. Under 28 U.S.C. § 1782 to Take Disc. from Américo Fialdini Junior, No. 21-mc-0007-WJM-NYW, at ¶¶ 3, 6–13, ECF No. 1-3); *cf. In re Matter of Application of Oxus Gold PLC*, No. 3:06-mc-00082, 2006 WL 2927615, at *5 (D.N.J. Oct. 11, 2006) (finding that the discovery subject was "admittedly present and c[ould] be found in [the district] on a consistent basis every year" given that he "stays in [the district] at a property that he rents for a total of two months out of every year").  Moreover, there is no evidence that Mr. Salinas is currently in Colorado and can be served in Colorado with subpoenas issued by this District.

Additionally, the Court observes that neither of the subpoenas attached as exhibits to the Application is tied physically to Colorado in any way, which further weakens Mr. Laggner's assertion that Mr. Salinas can be found in Colorado for the purposes of § 1782(a).  *Cf. In re Ex Parte Application Under 28 U.S.C. § 1782 to Take Discovery from Américo Fialdini Junior*, 2021 WL 253455, at *1 (observing that the discovery subjects were "anticipated to be in Aspen, Colorado from January 2021 to the end of February 2021 on holiday").  For instance, the Subpoena to Testify at a Deposition in a Civil Action, [Doc. 1-4], states that the deposition will be taken not a location in Colorado, but "[b]y remote videoconference,"[2] and the Subpoena to Produce Documents, Information, or to Permit Inspection of Premises in a Civil Action,

---

[2] The Court notes that the Federal Rules of Civil Procedure only provide for the taking of depositions by remote means on the parties' stipulation or by order of the court upon a motion.  *See* Fed. R. Civ. P. 30(b)(4).

[Doc. 1-5], directs all documents to be returned to a physical address in Miami, Florida.

In sum, without any evidence tying Mr. Salinas to the District of Colorado, the Court cannot conclude that Mr. Salinas "may be found" in the District for purposes of § 1782(a), and accordingly, the Court does not reach the *Intel* discretionary factors.

## CONCLUSION

For the reasons set forth herein, it is therefore **ORDERED** that:

(1) The Ex Parte Application for Discovery Pursuant to 28 U.S.C. § 1782 in Aid of Foreign Proceedings [Doc. 1] is **DENIED**; and

(2) To the extent that Mr. Laggner seeks to file a renewed Application, such Application shall be FILED no later than **January 31, 2024**. Should no Application be filed at that time, the case will be terminated.

DATE: January 11, 2024

BY THE COURT:

_____
Nina Y. Wang
United States District Judge

5