IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Nina Y. Wang**

Civil Action No. 23-mc-00074-NYW

IN RE:  *EX PARTE* APPLICATION OF WILLIAM LAGGNER FOR DISCOVERY PURSUANT TO 28 U.S.C. § 1782 IN AID OF FOREIGN PROCEEDINGS

## ORDER

Pending before the court is a Motion to Quash Subpoenas Issued Pursuant to 28 U.S.C. § 1782 (the "Motion to Quash"), [Doc. 13],[1] filed by Respondent Ricardo Salinas Pliego ("Respondent" or "Mr. Salinas") on May 8, 2024.  Respondent seeks to quash subpoenas issued by this Court upon Applicant William Laggner's ("Applicant" or "Mr. Laggner") request for an order pursuant to 28 U.S.C. § 1782 authorizing him to take discovery from Mr. Salinas for use in a proceeding pending in the Grand Court of the Cayman Islands Financial Services Division.  *See* [Doc. 5; Doc. 13].  Upon consideration of the Motion to Quash and evidence submitted in support thereof, this Court finds that the statutory requirements of 28 U.S.C. § 1782 are not satisfied.  Accordingly, the Motion to Quash is respectfully **GRANTED**.

## BACKGROUND

In June of 2022, Mr. Laggner and other shareholders of Uphold Ltd. ("Uphold" or "the company"), a Cayman Islands exempted limited liability company, filed a petition against Uphold in the Grand Court of the Cayman Islands seeking the winding up of, or alternative relief against, the company (the "Cayman Islands Proceedings").

---

[1] For consistency, the Court uses this convention [Doc. \_\_\_] to refer to the docket entry and the page number assigned by the District's Court Electronic Court Files ("ECF") system.

[Doc. 3 at 2]. Mr. Laggner alleges that Uphold and a group of company insiders, together with Mr. Salinas, engaged in a series of unlawful and self-enriching transactions to the detriment of the company and its shareholders. [*Id.*]. According to Applicant, Mr. Salinas—the founder and chairman of the corporate conglomerate Grupo Salinas and the third wealthiest person in Mexico—played a significant role in the subject transactions and profited substantially from the alleged wrongdoing. [*Id.* at 2–3].

Given Mr. Salina's role in the aforementioned transactions, Mr. Laggner requested authorization from this Court, pursuant to 28 U.S.C. § 1782, to take discovery from Mr. Salinas in the form of documents and deposition testimony regarding "communications, transactions, and agreements made by and between Uphold, the [the company's insiders], and [Mr. Salinas] in furtherance of the entities' breaches of contract and fiduciary duties owed to Mr. Laggner and Uphold shareholders," for use in the Cayman Islands Proceedings. [*Id.* at 7–8].

Mr. Laggner initially filed an *Ex Parte* Application for Discovery on August 9, 2023. [Doc. 1]. Upon review, this Court denied that application, and ordered any renewed application to be filed before January 31, 2024. [Doc. 2]. Mr. Laggner filed a Renewed Application on January 31, 2024, [Doc. 3], and the Court subsequently granted the Renewed Application on February 2, 2024, [Doc. 5]. Pursuant to the same, the Court authorized Mr. Laggner to serve two subpoenas on Mr. Salinas. *See* [Doc. 3-16; Doc. 3-17].

Upon receiving the subpoenas for documents and testimony, Mr. Salinas moved to quash on the basis that Mr. Laggner failed to carry his burden to obtain discovery via 28 U.S.C. § 1782. [Doc. 13]. After several extensions to the Parties' briefing schedule, *see* [Doc. 8; Doc. 14; Doc. 17], Mr. Laggner filed a response to the

Motion to Quash, [Doc. 16], and Mr. Salinas filed a reply, [Doc. 19]. The Motion to Quash is thus ripe for review and the Court considers the Parties' arguments below.

## ANALYSIS

I.   **Applicable Law**

Section 1782(a) of Title 28 of the United States Code authorizes "[t]he district court of the district in which a person resides or is found" to "order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal" upon "the application of any interested person." Thus, to obtain discovery under § 1782(a), the applicant must show that (1) he is an "interested person"; (2) the discovery sought is to be used in a proceeding in a foreign or international tribunal; and (3) the target of discovery is a person who resides or may be found in this District. *See In re Perez Pallares*, No. 10-cv-02528-PAB, 2010 WL 4193072, at *1 (D. Colo. Oct. 20, 2010).

Meeting these threshold requirements does not end the inquiry. *Id.* Instead, "the Court retains discretion over whether to permit the requested discovery." *Id.* (citing *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 260 (2004)). In ruling on a § 1782(a) request, the Supreme Court has explained, a district court should consider: (1) whether the documents or testimony sought are within the foreign tribunal's jurisdictional reach; (2) the nature of the foreign tribunal and character of the proceedings underway abroad, and, more specifically, the receptivity of the foreign court to federal court assistance; (3) whether the request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of the foreign country; and (4) whether the request is unduly intrusive or burdensome. *See Intel*, 542 U.S. at 264–65.

3

## II. The Court's Order Granting Renewed Application

This Court previously found that Mr. Laggner satisfied the statutory requirements under § 1782(a) and, exercising its discretion under *Intel*, authorized Mr. Laggner to serve two subpoenas on Mr. Salinas. [Doc. 5 at 4–6]. In so doing, this Court found—based on the record then before it—that Mr. Laggner (1) qualified as an interested person for purposes of § 1782(a), and (2) sought discovery to be used in aid of pending proceedings in a foreign tribunal, i.e., the Cayman Islands Proceedings. [*Id.* at 3–4]. This Court also concluded that Mr. Salinas could be "found" in the District of Colorado for purposes of § 1782(a). *See* [*id.* at 4]. The Court based its latter conclusion on the finding that "for years, Mr. Salinas has routinely traveled to Vail, Colorado, where his son maintains a timeshare at the Four Seasons, staying for approximately one week each February." [*Id.* (citing [Doc. 3 at 10; Doc. 3-1 through Doc. 3-6; Doc. 3-10 through Doc. 3-12]) (quotation omitted)].

## III. Motion to Quash Subpoenas

Mr. Salinas seeks to quash the subpoenas on three grounds. *See generally* [Doc. 13]. First, he argues that the requirements of § 1782 are not met because Mr. Salinas neither resides in nor can be "found in" Colorado. [*Id.* at 13–18]. Second, Mr. Salinas asserts that relevant *Intel* factors weigh strongly against the discovery sought through this action. [*Id.* at 19–24]. And third, Mr. Salinas contends that the subpoenas must be quashed for improper service under Rule 45 and 28 U.S.C. § 1783. [*Id.* at 24–27]. The Court's analysis begins and ends with Mr. Salinas's first basis for relief.

In the Renewed Application, Mr. Laggner represented that Mr. Salinas traveled to Vail repeatedly in 2021, 2022, and 2023. [Doc. 3 at 1–2, 9–10]. In support of this assertion, Mr. Laggner cited flight tracking data for a private jet owned by either Mr. Salinas or Grupo Salinas. [*Id.* at 10 (citing Doc. 3-1 at ¶¶ 4–5)]; *see also* [Doc. 3-1 at

4

¶¶ 4–5, 10 (citing [Doc. 3-2 through 3-6])]. However, Mr. Salinas has directly refuted Mr. Laggner's assertions with his own declaration and supporting evidence.

Mr. Salinas avers that, while he has "frequently traveled" on the private jet tracked by Mr. Laggner, Mr. Salinas is "not the only person who used it." [Doc. 13-1 at ¶ 5]. According to flight manifests for the private jet,[2] Mr. Salinas was not a passenger on four of the five tracked flights cited by Mr. Laggner to establish Mr. Salinas's "pattern and practice" of visiting Vail, Colorado. *See* [Doc. 13-2 at 5–87]. In other words, these flight manifests directly refute Mr. Laggner's circumstantial evidence that Mr. Salinas "regularly visit[ed]" Vail in 2021, 2022, and 2023.

Indeed, these flight manifests corroborate Mr. Salinas's averment that he has "been to Colorado only once over the last five years, . . . for purposes of a short ski vacation" in late February 2022. [Doc. 13-1 at ¶ 6]. "The mere fact that a person occasionally travels to this District does not establish that they may be 'found' here for Section 1782 purposes." *See In re Kaczor*, No. 14-mc-00044, 2014 WL 4181618, at *2 (S.D. Ohio Aug. 21, 2014); *cf. In re Thai–Lao Lignite (Thailand) Co., Ltd.,* 821 F. Supp. 2d 289, 294 (D.D.C. 2011) (dismissing § 1782 application where applicant failed to provide a basis for assertions that the entity from whom the discovery was sought had "systematic and continuous contacts" in the district).

Moreover, the only other evidence that Mr. Laggner cites with respect to *Mr. Salinas*—as opposed Mr. Salinas's family members—to support the assertion that Mr. Salinas has "routinely traveled" to Vail amounts to a 1998 news article stating that Mr. Salinas "skis in Vail," *see* [Doc. 3-13], and hearsay from 2017, *see* [Doc. 3-1 at ¶ 3].

---

[2] The flight manifests are attached to the Declaration of Juan Pablo Vasquez Martinez Lastra, the Chief of Operations of Asesoria Especializada en Aviacion ("Asesoria"). [Doc. 13-2 at ¶¶ 1–2]. Asesoria provides services to the United States Customs and Border Control related to the travel of the aircraft used by Mr. Salinas, members of his family, and Grupo Salinas employees. [*Id.*].

5

Respectfully, the Court cannot conclude that a journalist's passing reference to Mr. Salinas "ski[ing] in Vail" and one days-long visit to a rental property nearly 25 years later establishes that Mr. Salinas has ever "routinely traveled" to Vail—much less for the past several decades.  *Cf. In re Oxus Gold PLC*, No. 06-mc-00082, 2006 WL 2927615, at *5 (D.N.J. Oct. 11, 2006) (finding the respondent could "be found in New Jersey on a <u>consistent basis</u> every year" because he "stays in New Jersey at a property that he rents for a total of <u>two months out of every year</u>" (emphasis added)); *In re Fialdini*, No. 21-mc-00007-WJM-NYW, 2021 WL 253455, at *3 (D. Colo. Jan. 26, 2021) (relying in part on a declaration to conclude that "[t]he record reflects that the . . . Discovery Subjects are routinely present in Aspen, Colorado, and that the discovery directed at them pertains, in part, to the potential misuse of the Foundation's funds in renting real property in Colorado"); *see also id.*, ECF No. 1-3 at ¶¶ 9–12 (averring that discovery subjects took "<u>yearly trips</u>" to Aspen, Colorado and "<u>frequently spent up to two months per year</u> during the winter season in Aspen, Colorado, in a [particular] ski villa" (emphasis added)).  Thus, based on the present record, the Court finds that Mr. Laggner has failed to establish that Mr. Salinas can be "found in" Colorado for purposes of § 1782(a).

Accordingly, the Court concludes that Applicant has failed to establish the threshold statutory requirements for discovery pursuant to § 1782(a).

## CONCLUSION

For the reasons set forth herein, it is therefore **ORDERED** that:

(1)  Respondent Ricardo Salinas's Motion to Quash Subpoenas Issued Pursuant to 28 U.S.C. § 1782 [Doc. 13] is **GRANTED**.

DATE: April 3, 2025

BY THE COURT:

Nina Y. Wang
United States District Judge